UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-12 |
| | ) | |
| JACKIE HARTSELL | ) | |
| | ) | |

**O R D E R**

The Court is in receipt of an objection to the Presentence Report filed by the defendant on September 19, 2005. The Presentence Investigation Report was disclosed on August 10, 2005. Rule 32 of the *Fed. R. Crim. P.* provides that any objection to the Presentence Report must be made within fourteen (14) days after receipt of the Presentence Report. Fourteen days having long since passed from the defendant's receipt of the Presentence Report, the defendant's objection is untimely.

Regardless of the untimeliness of the defendant's objection, the objection is without merit. The defendant argues that an enhancement found by the probation officer pursuant to *U.S.S.G.* 2K2.1(b)(4) based on an allegation that the defendant had in his possession stolen firearms, violates the defendant's "Fifth Amendment right to notice and due process" since the allegation does not appear in the

indictment or plea agreement.[1]   The defendant argues that the application of his enhancement is unconstitutional under the authority of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines mandated the enhancement of sentences based on facts not found by a jury or admitted by the defendant.  The Court excised from the the Sentencing Reform Act of 1984 the provisions making the guidelines mandatory. This Court has previously held that, following *Booker,* the excision of the unconstitutional provisions of the Sentencing Reform Act of 1984 made the guidelines effectively advisory, and that the court must decide on a case by case basis what sentence is reasonable, after considering the otherwise applicable guideline range, as well as the other statutory factors set forth in 18 *U.S.C.* § 3553(a).  *See United States of America v. Gary Musick*, 2:03CR62, Doc. 605 (Memorandum Opinion entered Jan. 21, 2005).  Post *Booker*, the trial judge may exercise his or her discretion in selecting a reasonable sentence, and may consider facts which the Court deems relevant pursuant to the sentencing factors outlined in

---

[1] Though the defendant refers to the Fifth Amendment, his citation to *Apprendi* would seem to indicate that he meant to raise a Sixth Amendment violation.  Regardless, the Court's opinion as to the constitutionality of its consideration of facts not admitted by the defendant is the same.

18 *U.S.C.* § 3553(a) without implicating the defendant's rights to due process. *See United States v. Booker*, 125 S. Ct. at 750; *See Also U. S. v. Chandler*, 419 F. 3d 484, 486 (6th Cir. 2005).

Accordingly, the Court may consider evidence establishing that the defendant was in possession of stolen firearms in arriving at a reasonable sentence. Therefore, the defendant's objection to the Presentence Report is **DENIED**.

ENTER:

        s/J. RONNIE GREER
        UNITED STATES DISTRICT JUDGE