UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-12 |
| | ) | |
| JACKIE HARTSELL | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court for the sentencing of this defendant after his entry of a plea of guilty to Counts 1 and 2 of the indictment, charging him in Count 1 with possession of firearms after having been convicted of a felony, and in Count 2 with manufacturing marijuana. A presentence investigation report has been prepared by the United States Probation Office finding an applicable advisory guideline range for Counts 1 and 2 of 37 to 46 months. The defendant has filed an objection to the presentence report, which was overruled in a prior order.

This Court has previously ruled in *United States of America v. Gary Musick, et al.*, docket No. 2:03-CR-62, that following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), this Court must decide, on a case by case basis, what sentence is reasonable based upon a consideration of the otherwise applicable guideline range as well as the other statutory factors set forth in the Sentencing Reform Act. This

Court further held that the Sentencing Guidelines, post *Booker,* are advisory, but that the Guidelines are entitled to substantial weight in the sentencing decision, and only when clearly outweighed by some of the other factors set forth in 18 *U.S.C.* § 3553(a) will the Court be inclined to sentence outside the appropriate guideline range.

After having reviewed the presentence report of this defendant, having heard from the defendant and this defendant's witnesses, having heard arguments of counsel, having considered the applicable advisory guideline range, and considering each of the factors set forth in § 3553(a), the Court is of the opinion that this is an appropriate case in which to sentence the defendant outside the advisory guideline range.

In particular, the Court has considered, of the factors set forth in § 3553(a), when considered together, as justifying a sentence for this defendant below the applicable guideline range, the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed –
>   (A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>   (B) To afford adequate deterrence to criminal conduct;
>   (C) To protect the public from further crimes of the defendant; and
>   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) The kinds of sentences available;
> (4) The kinds of sentences and sentencing range established

>           for:
>             (A)  The applicable category of the offense committed
>                  by the applicable category of defendant is set forth
>                  in the guidelines issued by the Sentencing
>                  Commission . . . ;
>
>                              * * *
>
>           (6)  The need to avoid unwarranted sentence disparities
>                among      defendants with similar records who have been
>                found guilty    of similar conduct . . .

The presentence report reflects a defendant with a criminal history category of I. While the defendant does have prior felony convictions, his crimes were not of a violent nature, and were committed more than a decade ago. Furthermore, the witnesses who testified portrayed the defendant as a kind and gentle man, who goes out of his way to assist his neighbors. The defendant clearly suffers from numerous disabilities, having previously been determined to be completely and permanently disabled in connection with his military service in Vietnam, being diagnosed with post traumatic stress disorder. Furthermore, the defendant is diabetic, requiring treatment of his condition with insulin injections and a strict diet, and is required to take a veritable laundry list of medications.

The record further reflects that the defendant is the primary source of income for his family. He has been married to his wife, who is also disabled, for 37 years. The defendant also has an adult daughter, who lives next door to him. She is also disabled as the result of some type of immune system disorder. It is a credit to this defendant,

3

in this day and time, that he has managed to maintain a close family unit.

While the record reflects that the defendant was in possession of a large number of firearms, there was no proof that the defendant was engaged in dealing firearms, but rather testimony was presented that the defendant merely collected firearms, and that he took firearms in trade for car parts or in exchange for cash to people who were under financial hardship. The defendant further testified that he thought that due to the age of his prior felony convictions, he believed that it was no longer illegal for him to possess firearms. This is not difficult for the Court to believe, given the fact that this judge has personally witnessed the fact that criminal defense attorneys in state court rarely advise criminal defendants that they can no longer possess a firearm. The defendant's testimony is given further credence by the fact that he cannot read nor write.

The defendant testified that he was not dealing in marijuana, but merely kept it for his own personal use. The defendant related that he began smoking marijuana as a soldier in Vietnam, and in fact his drinking problem also began while in Vietnam, when both alcohol and marijuana were readily available. While the Court notes that the quantity of marijuana the defendant had in his home seems high for mere personal use, no evidence has been presented that the defendant was utilizing the marijuana for anything other than his own personal use.

4

After having considered the particular circumstances of this defendant, in particular his health, the hardship that would be placed on his family due to his incarceration, the character of this defendant, and the apparent unlikely chance he will reoffend, the Court is of the opinion that a term of probation with appropriate conditions will adequately reflect the seriousness of the defendant's offense, promote respect for the law, and provide just punishment for this offense. Given the nature of the offenses, a term of probation may seem lenient. However, a term of probation coupled with a term of home detention, this Court believes, will provide adequate deterrence to this defendant, yet keep this defendant under the watchful eye of the Court should the defendant have any inclination to commit another offense.

Accordingly, the Court will sentence this defendant to a term of five (5) years of probation, with the special condition that he serve 18 months of home detention, the cost of home detention to be paid by the defendant, and require that the defendant perform 300 hours of community service as directed by the Probation Officer. In addition, the defendant will be required to undergo a program of testing and treatment for drug and alcohol abuse as directed by the Probation Officer and refrain from the use of alcohol. A judgment will enter adopting this sentence.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE